Argued and submitted October 8, affirmed
December 24, 1979, reconsideration denied January 31,
petition for review denied March 11, 1980 (288 Or 667)

# GASS,
## *Appellant,*
### *v.*
# WATER RESOURCES DEPARTMENT,
## *Respondent.*

### (No. E-21,315, CA 12330)

604 P2d 432

W. F. Schroeder, Vale, argued the cause and filed the briefs for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Petitioner appeals from the decree of the circuit court affirming the Water Resources Department's (Department) revocation of petitioner's ground water permit. We affirm.

In 1969, petitioner purchased certain land in Umatilla County. The seller was the owner of a ground water permit which authorized him to apply water for irrigation purposes and which required that beneficial use of the water be commenced by October 1, 1971. In February, 1972, the Department notified the seller that the water had not yet been applied to the beneficial use authorized by the permit and that, unless proof of "beneficial use is received within 60 days, *** the permit(s) may be cancelled without further notice" pursuant to ORS 537.260.

In March, 1972, the permit was assigned by the seller to petitioner. In connection with the assignment procedure, petitioner informed the Department of his desire to change the use of the water from irrigation to domestic purposes. The following month the Department wrote to petitioner, acknowledging the assignment of the permit and informing him that an application to change the use could not be accepted until proof of commencement of the original use was provided and a water right certificate had been issued. The letter reiterated that the time limit for use of the water for irrigation purposes had passed and that the Department had not received proof that the water had been so used.

In 1974, a field report by the Department indicated that water had still not been applied for irrigation purposes. However, later in that year, a tenant of petitioner's did irrigate crops on the property. During the period from 1974 to 1976, there was sporadic correspondence, and various events of tangential relevance occurred.

On December 22, 1976, the Department responded to a letter from an employee of a corporation managed

by petitioner's son by reciting the earlier history and by concluding that "[n]o right exists for appropriation of water *** except for those uses exempt from the permit requirements," because the Department had received no proof that water had been applied for irrigation purposes. By letter of January 4, 1977, to petitioner the Department reiterated that no remaining rights existed under the permit. On January 25, 1977, petitioner filed a notice with the Department that the beneficial use requirements of the permit had been satisfied by the crop irrigation in 1974.

On July 25, 1977, the director of the Department entered an order cancelling petitioner's permit pursuant to ORS 537.260. ORS 537.260(1) provides as pertinent:

"(1) Whenever the time within which any appropriation under a permit should have been perfected has expired and the owner of the permit fails or refuses within three months thereafter to submit to the Water Resources Director proof of completion of the appropriation as required by ORS 537.230 and 537.250, the director may, after 60 days' notice by registered mail, order the cancellation of the permit. ***"

Although couched in a variety of ways, petitioner makes two basic arguments on appeal. His first argument is that the Department had no statutory or regulatory authority to impose a time limit for the use of the water and that the Department had no authority to cancel the permit under ORS 537.260 because of petitioner's failure to use the water for irrigation purposes prior to the specified time. This argument was answered adversely to petitioner by the Supreme Court's decision in *Green v. Wheeler*, 254 Or 424, 458 P2d 938 (1969), *cert den* 397 US 990 (1970).

Petitioner's second argument is that the Department was estopped to cancel the permit because of its various communications suggesting to petitioner that the permit was viable and because of the protracted

[828]

time period which elapsed from the first communication until the time of cancellation. Citing *Corvallis Sand & Gravel v. Land Board*, 250 Or 319, 439 P2d 575 (1968), the Department answers that the state and its agencies cannot be estopped by the laches of their agents. In reply, petitioner argues that the Department had authority to waive the requirements of the permit and that cancellation under ORS 537.260 is discretionary. *See Smyth et al v. Jenkins et al*, 208 Or 92, 299 P2d 819 (1956). Petitioner further argues that if an agency has authority to waive a requirement, it may be estopped from asserting that it has not exercised its waiver authority. Nothing in the correspondence described above or appearing anywhere in the record suggests that the Department waived the permit's requirement that the water be used for irrigation purposes by October 1, 1971. The requirement and insistence on proof of compliance were consistently stressed in the Department's letters. We find no authority supporting petitioner's proposition that the Department's delay in invoking its authority to cancel the permit for failure to comply with the requirements waived either the requirements or the Department's authority to cancel the permit for noncompliance. Indeed, *Green v. Wheeler, supra,* suggests the contrary.

In addition to his principal arguments, petitioner also contends that the cancellation did not conform to due process requirements because, along with other reasons, the original notice of intent to cancel was addressed to petitioner's predecessor in interest rather than to petitioner. However, at the time the notice was sent, petitioner's predecessor was the owner of record of the permit. The facts are therefore materially identical to those in *Green v. Wheeler, supra,* where the notice was found to be adequate. Moreover, the continuing correspondence between petitioner and the Department between 1972 and 1977 was more than adequate to provide petitioner with actual notice that the permit requirements had not been complied with

and that the Department intended to enforce the requirements. There was no denial of due process.

Affirmed.